# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 15-167-HRW**

**RUBEN RIOS SALINAS,**                                                                 **PETITIONER,**

**v.**                            **<u>MEMORANDUM ORDER</u>**

**DeEDRA HART, WARDEN,**
**KENTUCKY STATE PENITENTIARY,** *et al.,*                 **RESPONDENTS.**

Ruben Rios Salinas, *pro se*, has filed six motions that are pending before the Court: 1) Motion to Review the Entire Record [Docket No. 38]; 2) Motion to Review Errors [Docket No. 41]; 3) Motion for Abeyance of Rulings [Docket No. 49]; 4) Motion for Summary Judgment [Docket No. 51]; 5) Motion for Certificate of Appealability [Docket No. 47]; and 6) Motion for Leave to Proceed In Forma Pauperis [Docket No. 44]. Upon review and consideration, each of Petitioner's Motions shall be **denied,** with the exception of his Motion for Leave to Proceed In Forma Pauperis.

**I. FACTUAL AND PROCEDURAL HISTORY[1]**

In 1999, a Fayette County jury convicted Salinas of murder and kidnapping. [*See* Docket No. 9-4]. On direct appeal, the Kentucky Supreme Court reversed his conviction and remanded for a new trial based upon the admission of improper hearsay evidence.

---

[1] The extensive history and procedural background of this case are set forth in detail in the Magistrate Judge's Report and Recommendation. [*See* Docket No. 26].

[*See* Docket No. 9-8]. In 2005, after retrial, a Fayette County jury convicted Salinas of first-degree manslaughter, theft by extortion, and being a persistent felony offender in the second degree. [*See* Docket No. 9-10; Docket No. 9-11]. The Kentucky Supreme Court affirmed the conviction. [Docket No. 9-15].

In 2007 Salinas filed a Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion [Docket No. 9-16], and in 2011 appointed counsel filed a supplemental RCr 11.42 motion [Docket No. 9-17]. The Fayette Circuit Court denied RCr 11.42 relief in April 2012. [Docket No. 9-18]. Salinas filed a pro se supplemental RCr 11.42 motion asking the court to reconsider its April 2012 decision. [Docket No. 1-3, pp. 130-37]. The Fayette Circuit Court subsequently granted in part Salinas's request to reconsider, and an evidentiary hearing was scheduled for certain issues. [Docket No. 1-3, p. 138]. The Fayette Circuit Court ultimately denied RCr 11.42 relief in October 2012. [Docket No. 1-3, pp. 150-53]. The Kentucky Court of Appeals affirmed [Docket No. 1-3, pp. 160-73; Docket No. 9-22], and the Kentucky Supreme Court denied discretionary review [Docket No. 1-3, p. 175; Docket No. 9-23].

Salinas then filed in this Court a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. [Docket No. 1]. The assigned Magistrate Judge filed a Report and Recommendation on July 8, 2019, recommending the denial of his § 2254 Petition and a Certificate of Appealability. [Docket No. 26]. Salinas filed untimely objections to the Report and Recommendation on July 28, 2019. [Docket No. 29]. The undersigned adopted the Magistrate Judge's Report and Recommendation, noting that despite being

untimely filed, Salinas's objections were reviewed. [Docket No. 35]. On October 24, 2019, Salinas filed a Notice of Appeal.[2]

Salinas has filed the following six motions since the Court's adoption of the Report and Recommendation, which motions remain pending before the Court: 1) Motion to Review the Entire Record [Docket No. 38]; 2) Motion to Review Errors [Docket No. 41]; 3) Motion for Abeyance of Rulings [Docket No. 49]; 4) Motion for Summary Judgment [Docket No. 51]; 5) Motion for Certificate of Appealability [Docket No. 47]; and 6) Motion for Leave to Proceed In Forma Pauperis [Docket No. 44]. Each motion is considered below.

## II. ANALYSIS

As an initial matter, the Court must determine whether it has jurisdiction over Salinas's motions. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, a notice of appeal does not become effective to appeal a judgment or order until after the disposition of any Rule 59 motion. *Id.* at 60-61; Fed. R. App. P. 4(a)(4).

In this case, the Court's Order denying Salinas's § 2254 Petition was entered on September 30, 2019, when the Court adopted the Magistrate Judge's Report and

---

[2] Salinas's Notice of Appeal was received and filed of record on October 29, 2019. However, under the prison mailbox rule, the Notice of Appeal is considered filed as of the date Salinas provided it to prison officials for transmittal to the court clerk. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Recommendation. [Docket No. 35]. Salinas has filed two motions that request the Court reconsider its decision: 1) Motion to Review the Entire Record, filed on October 9, 2019 [Docket No. 38]; and 2) Motion to Review Errors, filed on October 19, 2019. Because both motions ask the Court to reconsider its September 30, 2019 Order, they will be construed as Motions to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See John Doe Plaintiff v. Kentucky Cmty. & Technical Coll. Sys.*, No. 20-6-DLB, 2020 WL 998809 (E.D. Ky. Mar. 2, 2020).[3] Construing these two motions as such, this Court therefore retains jurisdiction over all of Salinas's currently pending motions, as the Notice of Appeal has yet to take effect. *See Browning v. Pennington*, No. 08-CV-88-KKC, 2011 WL 197859 (E.D. Ky. Jan. 20, 2011) (ruling on various motions after retaining jurisdiction because of a pending Rule 59(e) motion); *Rose v. United States*, No. 09-104-ART, 2011 WL 13233923 (E.D. Ky. Apr. 1, 2011) (retaining jurisdiction to decide Rule 59(e) motion despite filing of notice of appeal).

    A.    **Motion to Review the Entire Record and Motion to Review Errors**

        1.    **Rule 59(e) Motions**

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of

---

[3] A motion filed within the 28-day time period after entry of judgment provided by Rule 59(e) that asks a court to reconsider a judgment will be treated as a Rule 59(e) motion, even if not explicitly labeled as such. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (construing timely post-judgment motion seeking leave to file amended complaint as a Rule 59(e) motion, despite styling of the motion as one for leave to file amended complaint under Rule 15(a) and lack of any reference in the motion to Rule 59(e)); *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001) (treating timely motion to reconsider as a Rule 59(e) motion).

judgment." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). Rule 59(e) is an "extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *United States ex rel. American Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998). A court may grant relief under Rule 59(e) only if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *American Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "A Rule 59(e) movant's burden is . . . a heavy one." *Sours v. Big Sandy Reg'l Jail Auth.,* No. 11-115-ART, 2013 WL 12176935, at *1 (E.D. Ky. Aug. 29, 2013).

Here, Salinas's two construed Rule 59(e) motions implicate only the first and fourth requirements of Rule 59(e). To demonstrate a clear error of law, a movant must meet a high standard. *See Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2012) (collecting cases); *Dorger v. Allstate Ins. Co.*, 2:08-56-DCR, 2009 WL 2136268, at *2 (E.D. Ky. July 16, 2009) (stating that to prevail on an error of law under Rule 59(e) the movant must establish not only that errors were made, "but that these errors were so egregious that an appellate court would not affirm the judgment"). And a manifest injustice analysis requires a "fact-specific" analysis that resides in the discretionary authority of the reviewing court. *Harris v. Perry*, Case No. 2:12-cv-02668, 2016 WL 5396701, at *3 (W.D. Tenn. Sept. 27, 2016) (quoting *Lonardo*, 706 F. Supp. 2d

5

at 809). "A movant must be able to show that altering or amending the underlying judgment will result in a change in the outcome in their favor." *Id*. (citing *Via The Web Designs, L.L.C. v. Beauticontrol Cosmetics, Inc.*, 148 F. App'x 483, 489 (6th Cir. 2005); *Campbell v. Credit Bureau Sys., Inc.*, 2009 WL 3429095 (E.D. Ky. 2009)).

### 2. Motion to Review the Entire Record

Salinas's Motion to Review the Entire Record states that "[t]he September 30, 2019 Order adopting the Magistrate's Report [and] Recommendation only specifies '…is hereby, Approved and Adopted as for the opinion of the Court.'" [Docket No. 38, p. 1]. The Court interprets Salinas's Motion as arguing that the Court erred when adopting the Magistrate Judge's Report and Recommendation because it did not explain its de novo review in writing, and that this amounts to either a clear error of law or a manifest injustice under Rule 59(e).

In the Sixth Circuit, a district court satisfies its burden of conducting a review of a magistrate judge's report and recommendation under 28 U.S.C. § 636(b) by informing the objector that it has "considered de novo all of the filings[.]" *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005). "Without persuasive indication otherwise, the district court's statement that it had reviewed the objections sufficiently establishes that the review conducted was de novo." *Baidas v. Jenifer*, 123 F. App'x 663, 668 (6th Cir. 2005).

The September 30, 2019 Order contains the following language: "The Court notes that the objections were filed past the deadline for the same yet reviewed the same." [Docket No. 35, p. 1]. It goes on to state that the Court found "nothing therein which

would contradict or call into question the findings of the Magistrate." [*Id.*]. Salinas fails to meet the high standard of a clear error of law. Indeed, he fails to establish any legal error because it is permissible in the Sixth Circuit for a district court to indicate summarily in an order that objections to a report and recommendation have been reviewed, which is what was done by this Court. Salinas fails to identify any legitimate legal error in this approach. *See Tabor v. Simpson*, No. 1:06-CV-34-M, 2007 WL 2461678 (W.D. Ky. Aug. 23, 2007) (denying a Rule 59(e) motion arguing lack of de novo review when the presiding district judge adopted the report and recommendation by stating that the court had considered the objections).

### 3. Motion to Review Errors

Salinas's Motion to Review Errors contains two separate arguments. [Docket No. 41]. The first is that the Magistrate Judge's Report and Recommendation is "unreliable." [*Id.*, pp. 5-6]. The second is that he should be allowed to amend his § 2254 Petition in order to argue that his trial was faulty on the issue of ethnic and racial prejudice and bias and that he should be granted relief on such grounds. [*Id.*, pp. 6-7].

#### a. The alleged unreliability of the Report and Recommendation

In support of his first argument, Salinas alleges that "The 'Report' the Court has adopted has errors and is unreliable." Specifically, he states:

> Starting on page 1 it says "all relevant documents" are before the Court and "is ripe" for consideration, yet on p. 42 it complains about a brief "…not part of the record." It was probably Exhibit n., the Adam's Brief, which is believed to be in the record.
>
> Other concerns are found throughout the Report, like on: page 4 about not appealing the marijuana conviction. Exhibit D., is given to

7

illustrate reality; page 5 (every element) is rebutted by Exhibit A, supra; page 8, the jury could not apply the Death-Penalty to manslaughter; pages 11,16, and 18 flip-flop on whether Salinas objected to all lesser included instructions. He did!; page 14 misstates a matter about an evidentiary hearing that was a "partial" hearing (Claim #2, habeas petition); also on page 14 where Attorney Ledgewood objected to the testimony, it was Salinas that prompted her to do so.

> But the most central errors are Claims 1, 2, and 3, pages 26-40. They are completely exhausted and need to be ruled in lieu of the Ethnic Racial Bias, a strong presumption that the Indictment and Convictions are the result of Salinas' heritage and origins.

[Docket No. 41, pp. 5-6]. This argument will be construed to raise two issues: 1) that the Report and Recommendation is unreliable because of alleged factual errors, and 2) that the Report and Recommendation should have ruled on the merits of Claims 1, 2, and 3, instead of recommending dismissing them on the grounds of procedural default. While Salinas fails to specify how he meets any of the four requirements under Rule 59(e), the arguments implicate only a clear error of law or a manifest injustice.

Salinas's argued errors are either indecipherable or wrong. The Court can discern only one actual alleged error in Salinas's argument—the Magistrate Judge's statement that Salinas did not appeal his marijuana conviction. The Magistrate Judge was correct. Salinas did not directly appeal his marijuana conviction and instead filed a collateral attack under Kentucky Civil Rule 60.02(e)-(f). [Docket No. 9-17, p. 2]. Salinas submits a document showing that he tried to belatedly appeal; however, this does not contradict the Magistrate Judge's statement. [Docket No. 41-4]. *Cf. Graves v. Bowles*, No. 107-CV-207-M, 2010 WL 1141216, at *3 (W.D. Ky. Mar. 22, 2010) (denying a Rule 59(e)

motion analyzed under clear error of law because the court did not err by failing to consider facts relevant to a claim that was not asserted).

The second issue, that the Court should have ruled on the merits of Claims 1, 2, and 3 of his § 2254 Petition instead of dismissing them on the grounds of procedural default, fails because it seeks to reargue issues raised in Salinas's objections to the Report and Recommendation. [Docket No. 29, pp. 2-7]. This Court reviewed and rejected these same arguments when issuing its Order adopting the Report and Recommendation. [Docket No. 35]. Salinas's attempt to relitigate old matters is thus improper. *See Aikens v. Mack*, No. 15-cv-12016, 2017 WL 4533975, at *2 (E.D. Mich. Oct. 11, 2017) (denying a Rule 59(e) motion because it raised arguments already brought in objections to a report and recommendation).

### b. Request to amend § 2254 Petition to include racial bias

Salinas next argues that he should be allowed to amend his § 2254 Petition to include a request for relief on grounds of racial and ethnic bias. [Docket No. 41, pp. 6-7]. In support, Salinas contends that the "spector [sic] of prejudice and racism became a factor in the trial." [Docket No. 41, p. 3]. He further states that the jury was not impartial because of his race and contends that "Mexican-Americans have been perceived by Anglo-Americans as 'dirty, lazy, dumb, knife-wielding thieves and killers.'" [Docket No. 41, p. 4].

A motion to review errors is not a vehicle to raise new arguments that could have been brought prior to judgment. Salinas could have asserted a claim for racial and ethnic bias in his original § 2254 Petition. The alleged errors in his trial occurred over a decade

9

ago. Salinas does not allege, nor could he, that anything about potential racial or ethnic bias at his trial could not have been brought earlier. Therefore, this request to amend fails. *See Sanders v. White*, No. 03-455-ART, 2015 WL 4394169, at *4 (E.D. Ky. July 15, 2015) (refusing to examine new arguments related to a § 2254 petition because petitioner could have raised them in the original motion or reply); *Conway v. Portfolio Recovery Assocs., LLC*, No. 13-07-GFVT, 2015 WL 13657189, at *3 (E.D. Ky. July 23, 2015) (denying a Rule 59(e) motion to hold a case in abeyance pending a Supreme Court ruling because that would imply a Rule 59(e) motion can be used as a vehicle to bring new legal arguments after a judgment has been entered).

      B.      **Motion for Abeyance of Rulings**

Salinas's Motion for an Abeyance of Rulings makes two arguments. [Docket No. 49]. The first is that the Court should not rule on his previously filed motions for thirty days while he reviews case materials obtained that were previously unknown to him. [*Id.*, p. 1]. However, more than thirty days have now passed since Salinas filed this Motion, and therefore this first argument is moot.

The second argument is that the Court should "inquire and investigate the impairment of services and legal assistance" at his prison. [*Id.*, p. 3]. He asserts the inadequacy of the prison law library, describing the available resources as

> . . . two (2) internet connected to Lexis-Nexis computers that are so heavily filtered and erroneously set-up, and old, that they go off-line daily for 30 minutes to an hour each time; and the few reference books available are outdated. The two-week training given to 'Legal Aids' is inadequate.
>
> The U.S. Supreme Court has defined the constitutional right to a meaningful access to the courts. In this matter that 'access' is significantly

10

> obstructed and denied. Lockdowns due to violence, weather, and staff shortages are a common occurrence. That does not account for holidays or electrical or water failures that impact accessibility.

[*Id.*, p. 2].

Perhaps Salinas is presenting this information to explain why he needs thirty days to review the newly obtained materials and conduct research. But to the extent that Salinas "moves" the Court to "inquire and investigate the impairment of services and legal assistance" at the prison where he is incarcerated, he does not state what relief he seeks of this Court. Motions need to "state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b). This argument by Salinas thus does not meet the standards of a motion and is therefore denied. *See Fitts v. Snyder*, No. 12-13575, 2015 WL 871681, at *3 (E.D. Mich. Feb. 27, 2015) (striking filings in part for failing to "state the relief sought").

### C. Motion for Summary Judgment

Salinas's most recent filing is a "Motion for Summary Judgment." [Docket No. 51]. It requests this Court rule in his favor on his original § 2254 Petition, his Motion to Review the Entire Record, and his Motion to Review Errors. [*Id.*]. To the extent that Salinas seeks summary judgment on his Motion to Review the Entire Record and his Motion to Review Errors, these motions have already been addressed herein and are without merit.

In support of his Motion for Summary Judgment generally, Salinas cites to "Trump-era politics" and the "incompetent assistance of counsel" of the Department of

11

Public Advocacy and describes to the Court what he labels as "newly discovered archived legal material." [*Id.*, p. 3]. Specifically, he states:

> In regards of review of the newly discovered archived legal material, the Petitioner managed to get the following information in spite of the multiple difficulties that prevented a complete review. Assistant Commonwealth Attorney J. Bovier conducted the grand jury session, and also prosecuted the case, and Detective P. Williams was interviewed; on December 1, 1998, for Indictment 98-CR-1270; yielding:
>
> a. 6 references to Texas: 2 factual statements about Petitioner were true; 2 were factual distortions fabricated from hearsay and speculation about the Petitioner; and, 2 were about the alleged victim, also fabricated from hearsay, speculation, and innuendo.

[*Id.*].

Federal courts may ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize it in order "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis[.]" *Castro v. United States*, 540 U.S. 375, 381-82 (2003). The Sixth Circuit has held that "the Court can construe an untimely motion to alter or amend judgment under Rule 59(e) as a motion for relief from judgment under Rule 60(b)." *National Ecological Found. v. Alexander*, 496 F.3d 466, 474 n.5 (6th Cir. 2007) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268-69 (6th Cir. 1998)).

Salinas filed his Motion for Summary Judgment after this Court had already entered a final order on his § 2254 Petition and his filing is therefore procedurally inappropriate. As previously discussed, a court can construe what is in substance a motion to reconsider a judgment as a Rule 59(e) motion if filed within the 28 days allotted in the Rule. *See Inge v. Rock Fin. Corp.*, 281 F.3d at 61. However, since Salinas

12

filed his Motion for Summary Judgment on January 28, 2020, it was not filed within the 28-day time period. Therefore, the Court will instead construe Salinas's Motion for Summary Judgment as a Rule 60(b) motion to vacate.

A final judgment can be vacated under Rule 60(b) for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofor denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b). Salinas's argument implicates the second and sixth reasons of Rule 60(b).

"In order to prevail on a Rule 60(b)(2) motion, a 'movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." ' " *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (quoting *New Hampshire Ins. Co. v. Martech U.S.A., Inc.*, 993 F.2d 1195, 1200-01 (5th Cir. 1993) (footnote and citation omitted)). Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

The information Salinas presents under the second prong is stated to be from 1998 and could thus have been discovered with due diligence much earlier. Even if it could not have been discovered earlier, it would not have clearly produced a different result.

13

Texas references have no bearing on the results of the trial. Further, the alleged "factual distortions" from hearsay evidence are not explained. The Court will not grant the extraordinary relief of setting aside a judgment on behalf of a defendant based upon vague references to alleged distortions.

To the extent that Salinas cites and relies upon "Trump era politics" as a means for setting aside his judgment, the Court declines to do so. He fails to explain what he means, but perhaps he is generally alleging that he has been negatively impacted by the current administration's politics. The Court can find no precedent, nor has Salinas pointed to any, where a change in political climate would warrant relief under Rule 60(b). *Cf. Haffey v. Mortg. Elect. Registration Sys., Inc.*, No. 08-510-DLB, 2016 WL 7974649 (E.D. Ky. Mar. 24, 2016) (finding no exceptional or extraordinary circumstance despite an alleged intervening change in decisional law and where entry of final judgment had been over five years earlier).

### D. Motion for Certificate of Appealability

Salinas applies for a Certificate of Appealability ("COA"). [Docket No. 47]. In his motion, Salinas sets out the grounds already raised in his § 2254 Petition but does not offer any legal or factual support as to why the Court should grant a COA after previously denying it. [*See* Docket No. 47; Docket No. 1]. For the same reasons as stated in the Magistrate's Report and Recommendation, adopted by this Court, Salinas's request for a COA is denied. *See Carpenter v. Motley*, No. 06-29-KKC, 2007 WL 414269, at *1 (E.D. Ky. Feb. 5, 2007) (denying separately filed motion for certificate of appealability

14

after adopting report and recommendation to deny each claim raised in petition and where the court's assessment of the denial of each claim was not debatable or wrong).

### E. Motion to Proceed in Forma Pauperis

Shortly after initiating this case by filing his § 2254 Petition, Salinas paid the $5.00 filing fee required by this Court. [*See* Docket No. 3]. On September 30, 2019, the Court denied Salinas's Petition for habeas relief and denied issuance of a certificate of appealability. [Docket No. 35]. On October 29, 2019, the Clerk received for filing Petitioner's Notice of Appeal. [Docket No. 43]. The Clerk also received from Salinas on October 29, 2019, his Motion for Leave to Proceed In Forma Pauperis [Docket No. 44] and a certified six-month income statement for his institutional account [Docket No. 45].[4]

Salinas may proceed in forma pauperis on appeal if he is indigent and is taking his appeal in good faith. Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a)(3). To establish his indigence, Salinas must complete an affidavit demonstrating: (1) he is unable to pay the filing fee; (2) he is entitled to redress; and (3) the issues he intends to present on appeal. Fed. R. App. P. 24(a)(1)(A)-(C); 28 U.S.C. § 1915(a)(1). Salinas represents, in his Motion for Certificate of Appealability, that he intends to appeal the twelve claims presented in his § 2254 Petition. [*See* Docket No. 47 (setting forth the issues he intends

---

[4] Although Salinas states in his Motion and Affidavit that he seeks to proceed in forma pauperis for purposes of appointing him counsel, the Motion is viewed as Salinas's request to proceed in forma pauperis on appeal. The Motion, Affidavit, and institutional account certification were filed simultaneously with his Notice of Appeal. To proceed on appeal without paying fees and costs, Salinas must first file a motion with this District Court. Fed. R. App. P. 24(a)(1). A check of the case docket in the Sixth Circuit, Appeal No. 19-6236, lists his appellate fee status as pending in the district court.

to raise on appeal)]. By filing a Motion to Proceed In Forma Pauperis and Affidavit, Salinas asserts his entitlement to redress of proceeding in forma pauperis on appeal.

This, then, leaves the question of whether Salinas has demonstrated that he is unable to pay the appellate filing fee. His Affidavit states only that he is "unable to pay the costs of hiring legal counsel." [Docket No. 44-1, p. 1]. The certifications for his inmate account reflect total deposits to his account for the six-month period prior to the filing of his motion of $891.22, with average monthly deposits for this six-month period of $148.54. [Docket No. 44-2; Docket No. 45]. This suggests Salinas has the financial ability to pay at least some portion of the $505.00 appellate filing fee.

Recently, the Sixth Circuit upheld the Eastern District of Kentucky's requiring payment of a partial appellate filing fee pursuant to 28 U.S.C. § 1915(a)(1) in the context of cases filed under 28 U.S.C. § 2241. *Samarripa v. Ormond,* 917 F.3d 515 (6th Cir.), *cert. denied,* --- U.S. ---, 2019 WL 5875141 (2019). The Sixth Circuit's decision in *Samarripa* was directed to appeals filed in § 2241 cases, not appeals filed in cases brought under 28 U.S.C. § 2254. Nevertheless, there is no reason why the Circuit's analysis of § 1915(a)(1) as providing an authorized statutory basis for a district court's imposition of a partial appellate filing fee based upon a claimant's ability to pay would not apply with equal force where appeal of a § 2254 petition is sought, as is at issue here. *Samarripa,* 917 F.3d at 517-20. Indeed, such an analysis has already been done in this district in the context of a § 2254 appeal. *See Greer v. Smith,* No. 5:16-cv-338-JMH-CJS, 2019 WL 2062949 (E.D. Ky. May 9, 2019) (imposing in a § 2254 case a partial appellate filing fee pursuant to 28 U.S.C. § 1915(a)(1) and based upon *Samarripa*).

16

The certified institutional account documents provided by Salinas indicate that an average of $148.54 per month has been deposited into his inmate account over the six-month period prior to filing his motion. [Docket No. 44-2; Docket No. 45]. Based on these deposits, Salinas has sufficient funds to pay a portion of the $505.00 appellate filing fee in this case. However, requiring Salinas to pay the whole filing fee may be unduly burdensome in light of his limited financial resources. Looking to *Greer,* assessment of a $29.70 fee, representing twenty percent of Salinas's monthly deposit average, in satisfaction of the appellate filing fee, is appropriate in this case. It is statutorily authorized under 28 U.S.C. § 1915(a)(1) and Salinas has the financial means to pay a partial appellate filing fee. *Greer,* 2019 WL 2062949, at *3.

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that:

(1) the Motion to Review the Entire Record [Docket No. 38] is **DENIED**;

(2) the Motion to Review Errors [Docket No. 41] is **DENIED**;

(3) the Motion for Abeyance of Rulings [Docket No. 49] is **DENIED**;

(4) the Motion for Summary Judgment [Docket No. 51] is **DENIED**;

(5) the Motion for Certificate of Appealability [Docket No. 47] is **DENIED**;

(6) the Motion for Leave to Proceed In Forma Pauperis [Docket No. 44] is **GRANTED IN PART** and **DENIED IN PART.** Within **twenty-eight (28) days** from the entry of this Memorandum Order, Salinas must **pay $29.70** to the Clerk of Court in full satisfaction of the appellate filing fee; and

(7) the Clerk of Court is **DIRECTED** to forward a copy of this Memorandum Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

This 1st day of April, 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge